**JIA XIN ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, United States Attorney General, Respondents.**

No. 08–4083–ag.

United States Court of Appeals, Second Circuit.

April 24, 2009.

Jia Xin Zheng, New York, NY, pro se, Petitioner.

Gregory G. Katsas, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Janette L. Allen, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Jia Xin Zheng, a native and citizen of the People's Republic of China, seeks review of a July 22, 2008 order of the BIA, affirming the January 18, 2007 decision of Immigration Judge ("IJ") Sandy Hom, which pretermitted as untimely his application for asylum, and denied his request for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jia Xin Zheng*, No. A94 041 980 (B.I.A. July 22, 2008), *aff'g* No. A94 041 980 (Immig. Ct. N.Y. City Jan. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review the IJ's decision insofar as it pretermitted Zheng's untimely asylum application. *See* 8 U.S.C. § 1158(a)(3).

However, we may review Zheng's challenge to the agency's denial of his applications for withholding of removal and CAT relief.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). In this case, the BIA "set aside the issue of credibility," finding that regardless of his credibility, Zheng was not eligible for relief. Therefore, we assume, without determining, Zheng's credibility. *See Yun Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

In this case, the BIA did not err in finding that Zheng was ineligible for relief from removal where his application for relief was based solely on his wife's purported forced abortion. Indeed, in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007), we held that the definition of "refugee," under 8 U.S.C. § 1101(a)(42), does not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion. *Shi Liang Lin*, 494 F.3d at 309–10. Accordingly, in order for the spouse of an individual who was forced to have an abortion or sterilized to be eligible for asylum, the spouse must independently "prove past persecution or a fear of future persecution for 'resistance' that is directly related to

his or her own opposition to a coercive family planning policy." *Id.* at 313.

Despite ample opportunity, Zheng has never alleged personal acts of resistance to the family planning policy. Thus, the factual record in this case was "adequately developed" with respect to the issue of other resistance. *See Shu Wen Sun v. BIA,* 510 F.3d 377, 381 n. 5 (2d Cir.2007) (quoting *Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007)). As Zheng was unable to show the objective likelihood of persecution needed to support an asylum claim, the agency's denial of withholding of removal and CAT relief was proper insofar as those claims rested on his wife's alleged forced abortion. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ As to Zheng's CAT claim based on his illegal departure from China, we have held that an applicant cannot demonstrate that he is more likely than not to be tortured "based solely on the fact that [ ]he is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir. 2007). As Zheng provided no basis for the IJ to conclude that he, or someone in his "particular alleged circumstances," faces a risk of torture, substantial evidence supports the agency's denial of his application for CAT relief based on his illegal departure. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-

tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).